

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-11-2005

# Falzett v. Pocono Mt Sch Dist

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2356

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Falzett v. Pocono Mt Sch Dist" (2005). *2005 Decisions.* Paper 438.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/438

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 04-2356, 04-2501

FRANK P. FALZETT, Individually
and as parent and natural
guardian of Tiber Falzett, a minor;
BRANDE FALZETT, Individually
and as parent and natural
guardian of Tiber Falzett, a minor

v.

POCONO MOUNTAIN SCHOOL DISTRICT

Frank P. Falzett; Brande Falzett,

Appellants in 04-2356

Pocono Mountain School District,

Appellant in 04-2501

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. Civil No. 02-cv-00950)
District Court Judge:  Honorable A. Richard Caputo

Submitted pursuant to LAR 34.1(a)
September 26, 2005

OPINION OF THE COURT

PER CURIAM:

Plaintiffs' son Tiber Falzett contracted an illness that left him homebound for his seventh and eighth grade years of school. He applied for homebound instruction from the Pocono Mountain School District, which provided some but not all of the instruction. Plaintiffs hired private tutors, and Tiber finished both years with good grades. After an administrative hearing, Plaintiffs sued Pocono under the IDEA and other statutes, alleging that Tiber was denied a free appropriate public education ("FAPE"). The District Court granted judgment to Pocono, concluding that even though Tiber had a disability under the IDEA, Pocono provided Tiber with a FAPE. Plaintiffs appeal, and Pocono cross-appeals. Because the District Court did not clearly err in finding that Pocono provided a FAPE to Tiber, we affirm solely on that basis.

**I.**

The following facts are consistent with the findings of the administrative bodies and the District Court. Tiber developed an illness that left him unable to attend

---

[*] Honorable Alan D. Lourie, Circuit Judge of the United States Court of Appeals for the Federal Circuit, sitting by designation.

school due to chronic sickness and fatigue. In October 1997, Tiber's parents withdrew him from private school, enrolled him in the Pocono Mountain School District, and requested homebound instruction. Pocono began providing five hours of home instruction per week in January 1998. App. at 439A ¶¶ 7–8. Tiber completed seventh grade, earning straight A's and receiving distinguished academic honors. App. at 439A ¶ 9. Plaintiffs argue that Tiber's grades were inflated because he was not given the complete curriculum, but the District Court and the administrative bodies found to the contrary. App. at 17A; 456A.

In September 1998, Tiber tried to attend school but was still too infirm. Tiber's parents again requested homebound instruction, which began in early October 1998. App. at 439A ¶ 11; 440 ¶ 14. During eighth grade Ms. Weaver taught Tiber French from December through the end of the school year. App. at 96A–97A. In Tiber's other four subjects, however, Pocono had difficulty finding a regular home instructor. App. at 270A. During November and December 1998, Tiber's homebound instructor Ms. Kent attended "sporadic[ally]" due to her busy schedule. App. at 87A. Pocono failed to promptly relay Tiber's assignments from his school instructors to his home instructor, such that on November 18, 1998, Tiber's parents received a set of science assignments that were due on the same day. App. at 84A–86A. Tiber's parents eventually hired private tutors to supplement Pocono's instruction. App. at 95A. In January 1999, Ms. Kent withdrew, and Pocono's next instructor Mr. Miller never showed up. App. at 91A.

3

Pocono's instructor Ms. Wrisley missed many days for personal reasons, and the last day Pocono provided any instruction was on March 19, 1999. App. at 443A ¶ 38. Pocono offered to make up the 55 missed hours during the summer of 1999, but Tiber's parents refused. App. at 443A–444A ¶¶ 39, 41–47. Some of those hours had been missed because Plaintiffs had refused to accept a particular instructor, and others were missed because Plaintiffs would not accommodate District instructors when Tiber's privately hired tutors were scheduled to teach. App at 19A.

Tiber scored straight A's for his eighth grade year. App. at 444A ¶ 45. Tiber also won the school's geography bee in January 1999, qualified for the state geography bee, and qualified for the Junior National Honor Society. App. at 445A ¶ 57–59. In January 1999 Tiber took the SSAT and scored in the following national percentiles: verbal 97th, math 76th, reading 91st. App. at 445A ¶ 58. Prior to his seventh and eighth grades, Tiber's national percentiles in subjects other than math were in the mid to high 90's, and in math he had scored in the mid 50's. App. at 18A.

Plaintiffs initiated an administrative hearing to obtain reimbursement for the tutors hired for Tiber's eighth grade year and for Tiber's high school tuition. The hearing officer concluded that Tiber was not disabled for purposes of IDEA because his impairment did not implicate "special education" and had no adverse effect on his educational performance. App. at 448A. The administrative appeals panel affirmed. App. at 452A–458A. The District Court disagreed with the conclusion that Tiber did not

4

have a disability under the IDEA, but agreed with the administrative factual findings and found that Tiber was provided a "meaningful" educational benefit and therefore a FAPE. Accordingly, the District Court granted Pocono judgment on Plaintiffs' IDEA claim, and on Plaintiffs' dependent claims under 42 U.S.C. § 1983, the ADA, and the Rehabilitation Act. Plaintiffs appeal, and Pocono cross-appeals the holding that Tiber had a disability.

## II.

The District Court rightly conducted a "modified de novo" review of Tiber's IDEA claim. S.H. v. State-Operated School Dist. of City of Newark, 336 F.3d 260, 263 (3d Cir. 2003). Under the IDEA, the District Court "(i) shall receive the records of the administrative proceedings; (ii) shall hear additional evidence at the request of a party; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(C) (emphasis added). "'[F]actual findings from the administrative proceedings are to be considered prima facie correct,' and '[i]f a reviewing court fails to adhere to them, it is obliged to explain why.'" Shore Regional High School Bd. of Educ. v. P.S., 381 F.3d 194, 199 (3d Cir. 2004) (quoting S.H., 336 F.3d at 271 (3d Cir. 2003)). On appeal, this Court "exercise[s] plenary review with respect to the question whether the District Court applied the correct legal standards under the IDEA, but [] reviews the District Court's factual findings for clear error." Id. (citations omitted).

Whether Pocono provided Tiber with a FAPE is a question of fact. See

S.H., 336 F.3d at 264, 271 ("[An IEP] is the primary vehicle for providing students with the required free and appropriate education. . . . The issue of whether an IEP is appropriate is a question of fact."); see also T.R. v. Kingwood Tp. Bd. of Educ., 205 F.3d 572, 578 (3d Cir. 2000) (deferring to the District Court's factual finding that the school provided a FAPE). A FAPE "need not maximize the potential of a disabled student, [but] it must provide 'meaningful' access to education, and confer 'some educational benefit' upon the child for whom it is designed." Ridgewood Bd. of Educ. v. N.E., 172 F.3d 238, 247 (3d Cir. 1999) (internal citations omitted) (quoting Board of Education v. Rowley, 458 U.S. 176, 192, 200 (1982)). No bright-line rule specifies the degree of educational benefit that satisfies the IDEA, but the Court must consider the particular child's potential. Id. The student's grades, while not dispositive, can indicate whether he received meaningful educational benefit. Rowley, 458 U.S. at 203.

**III.**

Assuming, without deciding, that Tiber had a disability and was entitled to a FAPE under the IDEA, the District Court did not clearly err in finding that Pocono fulfilled its duty. Plaintiffs do not challenge Pocono's "plan" for instructing Tiber (five hours of home instruction per week), nor do they allege that when such instruction occurred it was inadequate. Plaintiffs merely assert that Pocono failed to provide hours, failed to relay assignments on time, and failed to complete portions of the curriculum. Yet substantial evidence exists in the record to support the finding that Pocono provided Tiber

6

with meaningful educational benefit despite some failures.

Tiber's grades and test scores, while not the only relevant factors, indicate that Tiber maintained his high academic abilities.  The District Court agreed with the administrative finding that Tiber's straight A's during seventh grade accurately reflected his performance and were not inflated.  Tiber's January 1999 SSAT scores, far from indicating that Tiber was falling behind, were better than his previous scores, particularly in math.  As the District Court noted, Tiber took this test after a year and a half of Pocono's instruction.  Although the hours provided by Pocono broke down substantially at the end of Tiber's eighth grade year, the District Court found that Tiber's parents were partly to blame for many missed hours, and Pocono offered to make up the hours.  See Shore, 381 F.3d at 199 ("The school has the burden of showing that a FAPE was offered." (emphasis added).)  Tiber's late receipt of assignments does not necessarily indicate that he did not receive the benefit of those assignments, but could reasonably be viewed as impacting only the manner in which Pocono was providing instruction.  See Rowley, 458 U.S. at 207 ("courts must be careful to avoid imposing their view of preferable educational methods upon the States").  Based on this record, we are not "left with a definite and firm conviction" that Tiber did not receive meaningful educational benefit from Pocono.  Shore, 381 F.3d at 199 (quoting Oberti v. Board of Educ. of Borough of Clementon School Dist., 995 F.2d 1204, 1204 (3d Cir. 1993)).

**IV.**

Because Pocono provided Tiber with a FAPE, the District Court correctly granted Pocono summary judgment on Tiber's claims under the ADA, the Rehabilitation Act, and 42 U.S.C. § 1983. Ridgewood, 172 F.3d at 253 ("there are few differences, if any, between IDEA's affirmative duty and § 504's negative prohibition"). Although shortcomings existed in Pocono's instruction, nothing in the record indicates that Pocono's failures were "by reason of [Tiber's] disability." 42 U.S.C. § 12132; 29 U.S.C. § 794(a).

## V.

For the reasons given above, we affirm the decision of the District Court.[1]

---

[1] Because the cross-appellant did not seek to alter the judgment, a cross-appeal was unnecessary and improper. The cross-appeal is therefore dismissed.